UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RANDAL LONG,

    Plaintiff,

v.

LEGGETT & PLATT,
INCORPORATED; JOHN CASE; XYZ
ENTITIES 1-100, fictitious
unknown business entities;
and J. DOES 1-100, fictitious
unknown individuals,

    Defendants.

1:15-cv-04907 (NLH/KMW)

**OPINION**

**APPEARANCES:**

ROBERT J. HAGERTY
HAGERTY & BLAND-TULL LAW LLC
MOORESTOWN TIMES SQUARE
714 EAST MAIN STREET – SUITE 2C
MOORESTOWN, NJ 08057
    On behalf of Plaintiff

MICHAEL R. MILLER
MARGOLIS EDELSTEIN
THE CURTIS CENTER, SUITE 400E
170 S. INDEPENDENCE MALL W.
PHILADELPHIA, PA 19106-3337
    On behalf of Defendants

**HILLMAN, District Judge**

    This case concerns Defendants' alleged violation of the New Jersey Law Against Discrimination (NJLAD). Presently before the Court is Defendants' Motion for Judgment on the Pleadings and Plaintiff's Cross-Motion to Amend the Complaint. For the reasons expressed below, Defendant's motion will be granted in

part and denied in part, and Plaintiff's motion will be granted.

**I.**

We take our brief recitation of the facts from Plaintiff's initial complaint. Plaintiff was hired by Defendant Leggett & Platt, Inc. ("L&P") in 1982, where he remained until 1989. He resumed employment with L&P in 1994, eventually rising to Director of Sales in 2009 and Senior Vice President of Sales in 2013. In April 2014, Defendant John Case was hired as President.

On December 21, 2015, Plaintiff informed Robert Newcombe, the Senior Vice President of Sales and Marketing, that Bobby Keen, an employee at L&P, was sexually harassing a female employee. No action was taken by Newcombe or Case following Plaintiff's allegations.

In January 2016, Plaintiff was informed that his employment was being terminated and he was given a severance package on January 15, 2016. Plaintiff claims he was terminated "in retaliation for his reporting the sexually harassing conduct of Keen, in violation of the New Jersey Law Against Discrimination."

Plaintiff filed a complaint against Defendant on May 23, 2016. The complaint alleges retaliation and aiding and abetting under the NJLAD. It also alleges Defendants are liable for punitive damages. The matter was removed to this Court on August 11, 2016 based on diversity jurisdiction. Defendants

2

filed a Motion for Judgment on the Pleadings on February 10, 2017. Plaintiff filed a Cross-Motion to Amend the Complaint on March 6, 2017.

## II.

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed. Fed. R. Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6). Turbe, 938 F.2d at 428. Thus, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim[]." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 583 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead

3

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

"[O]n a motion for judgment on the pleadings," the court "reviews not only the complaint but also the answer and any written instruments and exhibits attached to the pleadings." Perelman v. Perelman, 919 F. Supp. 2d 512, 520 n.2 (E.D. Pa. 2013).

## III.

"To establish a prima facie case of discriminatory retaliation, plaintiffs must demonstrate that: (1) they engaged in a protected activity known by the employer; (2) thereafter their employer unlawfully retaliated against them; and (3) their participation in the protected activity caused the retaliation." Craig v. Suburban Cablevision, 660 A.2d 505, 508 (N.J. 1995); accord Kachmar v. Sungard Data Sys., 109 F.3d 173, 177 (3d Cir. 1997). We address each element in turn.

In his complaint, Plaintiff's allegation of protected

4

activity was that he "informed Mr. Robert Newcombe, the Senior Vice President of Sales and Marketing for L&P, about Mr. Keen's latest inappropriate sexually harassing behavior regarding a specific female employee . . . , along with other accounts of sexual harassment by Keen." This is sufficient to satisfy Plaintiff's burden on the first prong. See, e.g., Barroso v. Lidestri Foods, Inc., 937 F. Supp. 2d 620, 637 n.16 (D.N.J. 2013) ("The parties do not dispute that Plaintiff engaged in protected activity as required under the NJLAD for a retaliation claim by submitting a sexual harassment complaint . . . ."); Smith v. Exxon Mobil Corp., 374 F. Supp. 2d 406, 419 (D.N.J. 2005) ("[Plaintiff] engaged in a protected activity when she turned to various levels of management with complaints regarding . . . sexual harassment."); Hargrave v. County of Atlantic, 262 F. Supp. 2d 393, 424 (D.N.J. 2003) ("Plaintiff . . . clearly engaged in protected activity . . . when she made complaints about Defendant['s] . . . alleged sexual harassment."). Protected activity includes allegations of harassment of other employees. Michaels v. BJ's Wholesale Club, Inc., No. 11-5657, 2014 WL 2805098, at *6 (D.N.J. June 19, 2014) ("Protected activity can include a plaintiffs complaints concerning allegations of discrimination against herself or others . . . ." (quoting Fabrikant v. Arthur J. Gallagher & Co., A-5995-05T1, 2008 WL 281690, at *7 (N.J. Super. Ct. App. Div. Feb. 4,

5

2008))).

Plaintiff's complaint alleges his employer unlawfully retaliated against him by way of his termination in January 2016. "Under the LAD, an 'adverse employment action' is one 'sufficiently severe or pervasive to have altered plaintiff's conditions of employment in an important and material manner.'" Ivan v. County of Middlesex, 595 F. Supp. 2d 425, 470 (D.N.J. 2009) (quoting El-Siofi v. St. Peter's Univ. Hosp., 887 A.2d 1170, 1188 (N.J. Super. Ct. App. Div. 2005)). Termination from employment is the quintessential adverse employment action.

"In determining whether a plaintiff has produced prima facie evidence of causation, the decisions of our Court of Appeals have generally focused on two indicia: timing and evidence of ongoing antagonism." Hargrave, 262 F. Supp. 2d at 424.

> Although the timing of an employer's adverse employment action will, by itself, rarely provide prima facie evidence that disciplinary action is attributable to retaliatory motives, the temporal proximity between an employer's action and an employee's protected activity may permit an inference of causation where the relatively short interval between the two is "unusually suggestive" of retaliation.

Id. (footnote omitted). "In cases where the timing of an employer's adverse action is, by itself, inconclusive, plaintiff may demonstrate a causal link by producing circumstantial evidence of 'ongoing antagonism' or 'retaliatory animus' in the

6

intervening period between her complaints and the adverse action." Id. at 424-25 (quoting Kachmar, 109 F.3d at 177; Woodson v. Scott Paper Co., 109 F.3d 913, 921 (3d Cir. 1997)). Further, "the Court of Appeals has not excluded the possibility that the timing of an employer's action, together with 'other types of circumstantial evidence,' may also suffice to support an inference of causation." Id. at 425. "In short, the case law has set forth few limits on the type of evidence which might suffice to establish a prima facie showing of causation." Id.

Plaintiff informed Newcombe of the alleged sexual harassment on December 21, 2015, according to Plaintiff's complaint, and was then terminated from employment in January 2016, receiving his severance package on January 15, 2016. Accordingly, the termination decision was made close in time – less than a month after his allegations of sexual harassment.

Attached as Exhibit A to Defendants' Answer is an e-mail exchange between Case and Justen Moore. On October 12, 2015, Moore e-mailed Case regarding the severance calculation for Plaintiff, in which Moore recognized Plaintiff would not be eligible for a payout if he was terminated before December 31, 2015. The e-mail exchange continued with regard to another employee later that day and on October 15, 2015, with the principal point of discussion being the appropriate severance date. On October 21, 2015, Case e-mailed Moore instructing that

7

the other employee's separation date would be October 30, 2015 and Plaintiff's separation date would be January 1, 2016.

The parties advance contrary interpretations of this e-mail exchange. Plaintiff acknowledges Case contemplated his termination prior to his sexual harassment allegations but argues the decision was not finalized until after Plaintiff's December 2015 allegations. Plaintiff further argues there is no indication that, at the time the October e-mails were sent, the requisite approvals had been sought or obtained to terminate Plaintiff's employment.[1] Defendant, on the other hand, argues the e-mails conclusively decided that Plaintiff would be terminated on January 1, 2016, proving fatal to Plaintiff's claim.

As further evidence of causation, Plaintiff alleges in his amended complaint that L&P had approved Plaintiff's planned 2016 vacation time and had approved the expenses associated with a January 2016 business trip.[2] At this juncture, we find these allegations and Plaintiff's interpretation of the e-mail exchange sufficient evidence of causation to survive Judgment on

---

[1] The October 15, 2015 e-mail from Moore to Case acknowledged that Moore "still need[ed] approvals."

[2] As we are granting Plaintiff's Motion to Amend the Complaint, we consider the additional allegations made in the amended complaint.

8

the Pleadings. Plaintiff has shown temporal proximity between the protected conduct and the alleged retaliatory conduct. Plaintiff has also advanced a plausible interpretation of the e-mail exchange between Case and Moore which contradicts Defendants' argument that the final decision to terminate Plaintiff's employment occurred prior to the protected conduct. Finally, Plaintiff provided plausible allegations that discovery could show his employer was not contemplating his termination in 2015 due to its approval of vacation time and business expenses. Accordingly, we deny Defendants' motion for Judgment on the Pleadings as to the NJLAD retaliation claim.

We now turn to Plaintiff's aiding and abetting claim. Plaintiff alleges aiding and abetting against Case.[3] "LAD holds individuals liable for their actions in aiding and abetting violations of an individual's rights rather than simply imputing general liability to the employer for the employees' acts." Lopez-Arenas v. Zisa, No. 10-2668, 2012 WL 933251, at *10 (D.N.J. Mar. 19, 2012). There are two forms of aiding and abetting under NJLAD: an active form and a passive form. Id. To establish the active form, three elements must be proven:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall

---

[3] Plaintiff also appears to allege aiding and abetting against Keen and Newcombe. However, neither Newcombe nor Keen are named as defendants to this matter.

> illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation.

Hurley v. Atl. City Police Dep't, 174 F.3d 95, 127 (3d Cir. 1999). To establish the passive form, "a plaintiff must show that the supervisor holds a duty to act against harassment and yet remains deliberately indifferent to its existence." Lopez-Arenas, 2012 WL 933251, at *10.

Plaintiff has not pled facts sufficient to survive Judgment on the Pleadings with regard to the aiding and abetting claim. Plaintiff informed Newcombe of the allegations of sexual harassment by Keen. Plaintiff does not plead that any similar allegations were made to Case, that Newcombe informed Case of the allegations, or that Case was in any way made aware of the allegations. Even if Case had been aware of the allegations of sexual harassment, Plaintiff has not sufficiently alleged that Case "knowingly and substantially assisted" in the alleged retaliatory conduct or was "deliberately indifferent." Accordingly, we grant Defendants' motion for Judgment on the Pleadings as to the NJLAD aiding and abetting claim.

We now turn to Plaintiff's claim for punitive damages. In order to award punitive damages under the NJLAD, two requirements must be satisfied: "(1) 'actual participation in or willful indifference to the wrongful conduct on the part of upper management' and (2) 'proof that the offending conduct [is]

10

"especially egregious."'"  Cavuoti v. N.J. Transit Corp., 735 A.2d 548, 551 (N.J. 1999) (alteration in original) (quoting Rendine v. Pantzer, 661 A.2d 1202, 1215 (N.J. 1995)).

> For the offending conduct to be "sufficiently egregious to warrant a punitive-damage award," the conduct must be "wantonly reckless or malicious" or "an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and willful disregard of the rights of another . . . ."

Gares v. Willingboro Township, 90 F.3d 720, 732 (3d Cir. 1996) (quoting Rendine, 661 A.2d at 1215).  "[P]unitive damages should only be awarded under the NJLAD in exceptional cases." Weiss v. Parker Hannifan Corp., 747 F. Supp. 1118, 1135 (D.N.J. 1990).

Plaintiff has not alleged sufficient facts of such egregious conduct to survive Judgment on the Pleadings. Plaintiff has not alleged wanton, reckless, or malicious conduct, nor that the conduct constituted an "evil-minded act." Accordingly, we grant Defendants' motion for Judgment on the Pleadings as to Plaintiff's claim for punitive damages.

**IV.**

We next consider Plaintiff's Motion to Amend the Complaint. Unless amending as a matter of course,[4] Federal Rule of Civil

---

[4] Plaintiff is unable to amend as a matter of course. Rule 15 provides that where "the pleading is one to which a responsive pleading is required," "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff has exceeded this time frame.

Procedure 15 provides "a party may amend its pleading only with the opposing party's written consent or the court's leave," which the court should "freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).[5] The Third Circuit dictates that amendments should "be granted freely," stating a preference for decisions made "on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990).

"Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice." Hunter v. Dematic USA, No. 16-00872, 2016 WL 2904955, at *3 (D.N.J. May 18, 2016). "'Futility'" means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434.

"[A] refusal of a motion for leave to amend must be justified. Permissible justifications include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." Riley

---

[5] As Defendants oppose the filing of an amended complaint, Plaintiff's only option is with leave of court.

v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995) (citation omitted).

Defendants argue Plaintiff's motion should be denied due to futility. This court disagrees, as the original complaint sufficiently alleges facts to survive Judgment on the Pleadings with regard to the retaliation claim. Finding no reason to refuse Plaintiff's motion, we grant Plaintiff leave to file the amended complaint. However, we note the amended complaint does not cure the deficiencies of the initial complaint with regard to the aiding and abetting claim and the claim for punitive damages. Thus, Judgment on the Pleadings stands as to those claims.

An appropriate Order will be entered.


Date: September 27, 2017            s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.