**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

RANDAL LONG,

   Plaintiff,

 v.

LEGGETT & PLATT,
INCORPORATED,

   Defendant.

Civil No. 16-4907 (NLH/KMW)

**OPINION**

**APPEARANCES:**

ROBERT J. HAGERTY
HAGERTY & BLAND-TULL LAW LLC
714 EAST MAIN STREET SUITE 2C
MOORESTOWN, NJ 08057

 *Attorney for Plaintiff Randal Long.*

CHRISTOPHER JAMES GILLIGAN
MICHAEL R. MILLER
MARGOLIS EDELSTEIN
170 S. INDEPENDENCE MALL W.
SUITE 400E
PHILADELPHIA, PA 19106

 *Attorneys for Defendant Legett & Platt, Incorporated.*

**HILLMAN, District Judge**

 This case concerns a claim of retaliation under the New Jersey Law Against Discrimination ("NJLAD"). Presently before the Court is Plaintiff Randal Long's appeal pursuant to Local Rule 72.1(c)(1) of a discovery order entered by the Magistrate Judge assigned to the matter on June 13, 2018 ("Appeal").

Plaintiff's Appeal will be granted for the reasons that follow.

**BACKGROUND**

This Court bases its factual recitation on the parties' statements of facts, Plaintiff's Second Amended Complaint ("SAC"), the at-issue discovery requests and responses, the transcript of the proceedings held before the Magistrate Judge on June 8, 2018, and the Magistrate Judge's June 13, 2018 Opinion and Order (the "Order").

This is a mixed-motive case brought under NJLAD in which the Plaintiff alleges he was terminated from Defendant Long & Platt, Incorporated ("L&P") in retaliation for reporting a claim of sexual harassment allegedly committed by another employee, Robert "Bobby" Keen. Plaintiff – except for a five-year hiatus between 1989 and 1994 – worked for L&P from 1982 until his termination in January 2016. At the time of his termination, Plaintiff was Senior Vice President of Sales. In April 2014, John Case was hired as President of L&P.

On December 21, 2015, Plaintiff informed Robert Newcombe, the Senior Vice President of Sales and Marketing, that Keen, an employee at L&P, was sexually harassing a female employee. No action was taken by Newcombe or Case following Plaintiff's allegations. In January 2016, Plaintiff was informed that his employment was being terminated and he was given a severance package on January 15, 2016. Plaintiff claims he was terminated

2

"in retaliation for his reporting the sexually harassing conduct of Keen, in violation of the New Jersey Law Against Discrimination."

Plaintiff filed a complaint in New Jersey state court against Defendant on May 23, 2016. The complaint alleged retaliation and aiding and abetting under the NJLAD, and requested punitive damages. The matter was removed to this Court on August 11, 2016 based on diversity jurisdiction. Defendants[1] filed a Motion for Judgment on the Pleadings on February 10, 2017. Plaintiff filed a Cross-Motion to Amend the Complaint on March 6, 2017.

This Court's Opinion and Order on September 27, 2017 dismissed Case from the action, dismissed the aiding and abetting and punitive damages counts, and granted Plaintiff's request to file an amended complaint. Plaintiff filed the SAC on October 30, 2017 and L&P answered shortly thereafter. Discovery ensued.

A discovery dispute arose between the parties, which is the subject of this appeal, concerning other complaints of sexual harassment against Keen. In Plaintiff's document request number eight ("Request 8"), Plaintiff requested documents "which

---

[1] Here, the term "Defendants" includes L&P and Case, who was dismissed via this Court's September 27, 2017 Opinion and Order discussed supra.

reflect, support, arise from or otherwise relate to: any complaints of sexual harassment made against Robert "Bobby" Keen . . . ." (Hagerty Ltr. 2, Docket No. 48.) Defendant objected, asserting Request 8 sought "information outside the relevant time frame, irrelevant to the claims begin litigated, and not calculated to lead to admissible evidence." (Id.) The Magistrate Judge heard argument on this document request on June 8, 2018.

Plaintiff's theory of Request 8's relevance is relatively straightforward. Plaintiff alleges that Keen had been accused of sexual harassment several times before Plaintiff brought to the Defendant's attention information he received on Keen's alleged sexual harassment to Case. Plaintiff believes that what happened to him is part of a pattern by L&P of protecting Keen by retaliating against those who brought forth information on Keen's alleged sexual harassment of others. This pattern, Plaintiff theorizes, is relevant to L&P's motive for retaliation.

On June 13, 2018, the Magistrate Judge issued the Order determining that Defendant need not produce the documents outlined in Request 8. The Court rested this determination on several grounds. First, the Magistrate Judge cited this Court's Opinion, stating that only circumstantial evidence occurring between the protected activity and adverse action is relevant to

4

causation. (Disc. Order 2.) Second, the Court concluded that "information concerning other complaints of harassment" is not relevant to a retaliation claim. (Id.) Third, the Magistrate Judge determined these other complaints would "offer[] little or no probative value and would strain the proportionality requirement of Rule 26." (Id. at 3.) The reason: "Plaintiff's offered rationale" as to the relevance of these complaints (discussed supra) required multiple leaps and assumptions that significantly decreased the documents' probative value.

On June 27, 2018, Plaintiff erroneously filed the Appeal as a "Motion to Compel Discovery (Appeal from Magistrate's Decision)." The Clerk placed a quality control message on the docket, requesting Plaintiff to re-file the Appeal as an "Appeal of Magistrate Judge Decision to District Court." Plaintiff did so the following day. The Appeal has been fully briefed by both parties and is thus ripe for adjudication.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### B. Rule 72 Standard

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the court

5

pursuant to 28 U.S.C. § 636(b)(1)(A).  <u>See also</u> L. Civ. R. 72.1(a)(1).  Federal Rule of Civil Procedure 72 provides litigants with a mechanism to object to a non-dispositive ruling made by a magistrate judge.  A party may file a timely objection to a magistrate judge's order with the district judge on the case.  F<small>ED</small>. R. C<small>IV</small>. P. 72(a); L. Civ. R. 72.1(c)(1).  The standard of review of a magistrate judge's decision depends on whether the motion is dispositive or non-dispositive.  A district court judge will only reverse a magistrate judge's opinion on non-dispositive matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); F<small>ED</small>. R. C<small>IV</small>. P. 72(a); L. Civ. R. 72.1(c)(1)(A).

Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>S. Seas Catamaran, Inc. v. M/V Leeway</u>, 120 F.R.D. 17, 21 (D.N.J. 1988) (citation omitted).  "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." <u>Andrews v. Goodyear Tire & Rubber Co., Inc.</u>, 191 F.R.D. 59, 68 (D.N.J. 2000).  A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. <u>Gunter v. Ridgewood Energy Corp.</u>, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  The party filing the notice

6

of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).

Where the non-dipositive matter is a discovery motion, as here, a magistrate judge's decision "is entitled to great deference and is reversible only for abuse of discretion." Kresefsky v. Panasonic Communs. & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). An abuse of discretion occurs:

> when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

Richards v. Johnson & Johnson, Inc., No. 05-3663, 2008 U.S. Dist. LEXIS 14131, at *5 (D.N.J. Feb. 26, 2008) (quoting Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp., 540 F.2d 102, 115 (3d Cir. 1976)).

    **C.    Rule 26 Standard**

The scope of discovery in a federal action has been described as "unquestionably broad." Zampetis v. City of Atl. City, No. 51-cv-1231 (NLH/AMD), 2018 U.S. Dist. LEXIS 187937, at *6-7 (D.N.J. Nov. 2, 2018) (citing Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999)). Federal Rule of Civil Procedure 26(b)(1), which generally governs the scope of

7

discovery, states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "District Courts have wide discretion in matters of case management and discovery." Hill v. Barnacle, No. 17-2448, 2018 U.S. App. LEXIS 25944, at *4 (3d Cir. Sept. 13, 2018) (citing ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 268 (3d Cir. 2012)). It is under these legal standards that this Court will review the Order.

### D. Plaintiff's Rule 72 Objection

Before this Court addresses Plaintiff's substantive objection, this Court will address Defendant's contention that the Appeal was untimely filed. Defendant's argument is without merit. The Order was filed on June 13, 2018. Under Local Rule of Civil Procedure 72.1(c)(1)(A), a party must appeal a non-dispositive determination of a magistrate judge within fourteen days after the party has been served with a copy of the order.

Here, that means an appeal is only timely if filed by June 27, 2018. Plaintiff's counsel filed the Appeal on June 27,

8

2018, but erroneously marked it on the docket as "Motion to Compel Discovery (Appeal from Magistrate's Decision)." The Clerk posted a quality control message instructing Plaintiff's counsel on the proper way to file the Appeal (using the "Appeal of Magistrate Judge Decision to District Court" title, instead of the "Motion to Compel" title). Plaintiff's counsel re-filed the same document the next day with the new title. The Appeal was thus timely filed, even though incorrectly titled on the docket. Accordingly, this Court will consider the merits of Plaintiff's objection.[2]

Plaintiff brings one count against Defendant: NJLAD retaliation. "To establish a prima facie case of discriminatory retaliation, plaintiff[] must demonstrate that: (1) [he] engaged in a protected activity known by the employer; (2) thereafter [his] employer unlawfully retaliated against [him]; and (3) [his] participation in the protected activity caused the retaliation." Craig v. Suburban Cablevision, 660 A.2d 505, 508 (N.J. 1995); accord Kachmar v. Sungard Data Sys., 109 F.3d 173, 177 (3d Cir. 1997).

---

[2] Defendant's citation to Schmidt v. Mars, Inc. is equally unavailing. No. 09-3008 (PGS), 2011 U.S. Dist. LEXIS 63961 (D.N.J. June 13, 2011). In that case, the appeal was filed months late and no good reason was provided for the delay in the appeal. Id. at *7-8.

Each of the arguments made in support of the Appeal are considered in turn.

   a. <u>Whether Circumstantial Evidence within Only a Restricted Time Period is Relevant to this Retaliation Claim</u>

First, the appealed Order cited this Court's September 27, 2017 Opinion for the proposition that "a 'plaintiff may demonstrate a causal link [between a protected activity and an adverse action] by producing circumstantial evidence of 'ongoing antagonism or 'retaliatory animus' <u>in the intervening period between her complaints and the adverse action</u>."  (The Order 2 (alterations and emphasis in original).)

Plaintiff argues that this is not a limit to what circumstantial evidence may be used in a retaliation case, but merely what is usually presented and considered by courts. Defendant does not appear to present argument specifically on this matter, but generally asserts the type of evidence Plaintiff wishes to discover is per se irrelevant under controlling law.[3]

This Court agrees with Plaintiff characterization of the applicable law and holds that to the extent a narrow view of the scope of relevant evidence led to the ruling below it was in error.  The Order accurately quoted this Court and the <u>Hargrave</u>

---

[3] That particular point will be discussed in-depth in the next section of this Opinion.

case. However, the Court does not read Hargrave to hold that only evidence of ongoing antagonism between the time of the complaint and the adverse action is relevant. Instead, the court in Hargrave stated: "the case law has set forth few limits on the type of evidence which might suffice to establish a prima facie showing of causation." Hargrave v. Cty. of Atl., 262 F. Supp. 2d 393, 425 (D.N.J. 2003). Thus, to the extent that the Order is based on grounds that no circumstantial evidence besides that which occurred after a complaint was made is relevant in a retaliation case, this Court finds that part of the Order is contrary to law and therefore an abuse of discretion.

  b. Whether Other Complaints of Harassment are Relevant to this Retaliation Claim

Second, the Order stated that information concerning other complaints of harassment against Keen are irrelevant to the retaliation claim in this case. Plaintiff, citing case law which will be discussed in-depth infra, argues this portion of the Order is incorrect based on his theory of motive. As explained supra, Plaintiff believes that Keen was accused of sexual harassment before he lodged his complaint and that L&P may have retaliated against other complainants. Additionally, these other complaints and how they were handled by L&P, Plaintiff argues, may be used to show motive. Defendant argues

Plaintiff's case law is inapposite and his theory concerning L&P's motives is unsupported by any case law.

The Court agrees with the Plaintiff that the law supports disclosure of the requested discovery. In the interests of efficiency, this Court will address the case most heavily relied upon by Plaintiff, Hurley v. Atlantic City Police Department, 174 F.3d 95 (3d Cir. 1999), cert. denied, 528 U.S. 1074 (2000). This case concerns sexual harassment and retaliation claims made by a female officer against the Atlantic City Police Department ("ACPD") under both the NJLAD and Title VII. Id. at 102, 111.

The Third Circuit was tasked, in part, with determining whether the trial court committed an abuse of discretion when it ruled that evidence of prior harassment against other females (and reports of that harassment to superiors) was relevant to the plaintiff's retaliation claims under Federal Rule of Evidence 401 and 403. Id. at 109-10. As is apparent from the procedural posture, the Third Circuit was examining evidence produced at trial, not a discovery dispute. In coming to the conclusion that the trial court had not committed an abuse of discretion, the Third Circuit ruled that testimony of other women's experiences, the attitudes of male officers towards women, and the victim's past experiences of harassment were "relevant to her . . . retaliation claims." Id. at 109, 111.

Specifically, the Third Circuit found the testimony of other individuals who were retaliated against for reporting improper conduct held a "high probative value." Id. at 112. More specifically, the Third Circuit held that "pervasive sexual harassment makes retaliation claims more credible, because harassers may be expected to resent attempts to curb their male prerogatives." Id. at 111 (citing Glass v. Phila. Elec. Co., 34 F.3d 188, 195 (3d Cir. 1994)).

Defendant responds by stating Hurley is distinguishable because it involved both discrimination and retaliation claims. The Court notes that Defendant is factually correct, but its reasoning is faulty. As discussed supra, the Third Circuit found that the type of evidence requested in this case is relevant to a claim of retaliation. First, this Court is unaware of any case law that holds that only a direct victim of discrimination may pursue a retaliation claim.[4] Second, the Hurley case presents stark similarities to this action. In

---

[4] Indeed, the law is to the contrary. See, e.g., Marley v. Postmaster Gen. of U.S., --- F. App'x ---, No. 17-2149, 2018 U.S. App. LEXIS 27134, at *2 (3d Cir. Sept. 21, 2018) (affirming decision of District Court in case where only a retaliation claim was asserted); cf. Burlington N. & Santa Fe Ry. V. White, 548 U.S. 53, 59 (2006) (explaining that "Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has 'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or hearing.'" (quoting § 2000e-3(a)) (emphasis added)).

Hurley, like here, the plaintiff wished to present (and did present) testimony from two non-parties who were subject to retaliation for reporting discrimination. This is exactly the type of evidence Plaintiff requests, albeit in different form. Whether Plaintiff misquoted another Third Circuit case does not affect this Court's decision[5], as it is duty-bound to follow the Third Circuit decision in Hurley which plainly supports use of such evidence at trial. It follows that if you cannot discover it, you cannot use it.

Accordingly, this Court finds this part of the Order is contrary to the law and therefore an abuse of discretion.

---

[5] This Court finds that Glass v. Phila. Elec. Co., 34 F.3d 188, 195 (3d Cir. 1994) further supports the Court's decision in this Opinion. The Glass court specifically found "that evidence of the nature of the harassment complaints and the defendant's disposition of those complaints [is] highly relevant to [a] plaintiff's case because 'an atmosphere of condoned sexual harassment in a workplace increases the likelihood of retaliation for complaints in individual cases.'" Id. (quoting Hawkins v. Hennepin Tech. Ctr., 900 F.2d 153, 155 (8th Cir. 1990)). Again, this case is directly on-point to Plaintiff's request here. It appears Aman v. Cort Furniture Rental Corp., which Defendant cites for the proposition that evidence of prior harassment (and whether it was in fact harassment) is irrelevant to a retaliation claim, does not reveal the entire picture. 85 F.3d 1074, 1085 (3d Cir. 1996). In fact, Aman cites just a page later the same quote from Glass this Court cites supra. Id. at 1086. The more specific ruling controls the Court here.

### c. Whether the Information Sought would Provide Little or No Probative Value and Would Strain Rule 26's Proportionality Requirement

Third, the Order stated that Plaintiff's theory of motive was "tenuous at best." Specifically, the Order stated Plaintiff's theory would require an evaluation of the merits of each complaint of harassment, whether or not the complaint was "covered up," and, if covered up, whether it was covered up to protect Keen. The Order found that the probative nature of this evidence was therefore of little value which meant it was disproportionate to the needs of this case. Plaintiff argues that, based on the cases discussed supra, this type of evidence is highly probative of a retaliation claim. Defendant essentially restates the reasoning from the Order.

As found by this Court supra, it appears clear that the Third Circuit condones discovery of this type of information for two purposes. First, the Third Circuit approves of proving motive in a retaliation claim by showing that non-party complainants were retaliated against. Evidence supporting this theory – according to the Third Circuit – is highly probative. Accordingly, the part of the Order denying discovery on these grounds is contrary to law and an abuse of discretion. On these grounds alone, this Court finds that Defendant must produce all documents responsive to Plaintiff's request.

Second is the theory addressed more directly by the Order and prominently argued by Plaintiff.  A plaintiff may prove motive for a retaliation claim by presenting evidence which shows the nature and disposition of prior harassment complaints against the harasser at-issue.  Again, according to the Third Circuit, this type of evidence is highly probative of a retaliation claim.  While this Court agrees with the Order to the extent it stands for the proposition that Plaintiff need not prove an underlying discrimination claim or any previous discrimination claims, it finds the Order is contrary to law and an abuse of discretion because it denies discovery which relates to the nature and disposition of prior harassment claims asserted against Keen.[6]

It is not the Court's role at this juncture to evaluate the merits of Plaintiff's theory of liability nor whether Plaintiff's theory will end up being proven by competent evidence.  The Court has great respect for the Magistrate Judge and the deliberate and considered Order she penned.  Plaintiff's theory may end as mere rumor, swallowed up by a wave of

---

[6] The Court notes also that it is not at all clear that Plaintiff would have to prove, or would even be allowed to prove, the merits of the other allegations.  The relevant issue is less whether those complaints could be proven and more whether the Defendant retaliated against Plaintiff in an effort to frustrate any investigation into Keen's conduct.

16

documents from L&P which show the contrary.  But, the Court has an obligation to follow the Third Circuit's instructions and the standards espoused under the Federal Rules of Civil Procedure.

The Defendant is correct that the Magistrate Judge's evaluation of the competing positions was thoughtful, measured, and thorough.  However, because this Court concludes that binding authority authorizes and even encourages discovery of the kind sought, a granting of the appeal is required.[7]

**CONCLUSION**

For the reasons expressed herein, this Court will grant Plaintiff's Appeal.

An appropriate Order will be entered.

Date: February 13, 2019          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[7] The Court also notes Defendant's concerns over revealing the identities of those Keen allegedly harassed.  While this is no reason to preclude production of relevant documents, the parties should ensure that the stipulated protective order in this case adequately allays these concerns.  To the extent the parties are unfamiliar, they should also be mindful that documents and briefs are properly sealed or redacted per the Local Civil Rules of Procedure.